UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Joseph Castegnaro,

    Petitioner,

        v.                                        No. 2:15-cv-270-cr-jmc

State of Vermont,

    Respondent.

## REPORT AND RECOMMENDATION
(Docs. 1, 7)

      Joseph Castegnaro, proceeding *pro se*, has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a person in state custody.  On May 13, 2013, Castegnaro was convicted of two counts of Violation of an Abuse Prevention Order, Second or Subsequent, in violation of 13 V.S.A. § 1030(a) and (b).  Following his conviction, Castegnaro was sentenced to two concurrent terms of 8–9 years of imprisonment, and he is currently serving that sentence in the custody of the Vermont Department of Corrections.  In his habeas Petition, Castegnaro contends that there was insufficient evidence to support his convictions.  (Doc. 1.)

      Pending before the Court is the State's Motion to Dismiss Castegnaro's Petition.  (Doc. 7.)  Castegnaro has not filed a response to the Motion.  I recommend that the Motion to Dismiss the Petition be GRANTED for the reasons set forth below.

## Background

**I.    Proceedings in the Vermont Superior Court**

Castegnaro was charged in the Bennington County Superior Court with two counts of violating 13 V.S.A. § 1030(a) and (b).  (*See* Docs. 6-1, 6-2, 6-3 at 15–17.)  Subsection (a) of § 1030 provides:

> (a) A person who commits an act prohibited by a court or who fails to perform an act ordered by a court in violation of an abuse prevention order issued under chapter 21 of Title 15 or chapter 69 of Title 33, a protective order that concerns contact with a child and is issued under chapter 51 of Title 33, or an order against stalking or sexual assault issued under chapter 178 of Title 12, after the person has been served notice of the contents of the order as provided in those chapters; or a foreign abuse prevention order or an order against stalking or sexual assault issued by a court in any other state, federally recognized Indian tribe, territory or possession of the United States, the Commonwealth of Puerto Rico, or the District of Columbia; shall be imprisoned not more than one year or fined not more than $5,000.00, or both.

13 V.S.A. § 1030(a).

Subsection (b) of § 1030 provides for enhanced penalties for offenders with prior convictions for certain predicate crimes.  It states:

> (b) A person who is convicted of a second or subsequent offense under this section or is convicted of an offense under this section and has previously been convicted of domestic assault under section 1042 of this title, first degree aggravated domestic assault under section 1043 of this title, or second degree aggravated domestic assault under section 1044 of this title shall be imprisoned not more than three years or fined not more than $25,000.00, or both.

13 V.S.A § 1030(b).  The State alleged that Castegnaro committed one violation of an abuse prevention order on September 1, 2012, and committed a second violation on September 9, 2012.  (Docs. 6-1, 6-2).

Trial was held in the Bennington Superior Court on May 15, 2013. (*See id.*) Castegnaro was represented at trial by attorney T. Lamar Enzor. (Doc. 6-1 at 4–5; Doc. 6-3 at 1.) The parties agreed to a bifurcated trial so as to avoid any prejudice that might arise from the jury learning of Castegnaro's prior conviction for aggravated domestic assault, which the State asserted triggered the penalty provisions of § 1030(b). (*See* Doc. 6-3 at 7; Doc. 6-4 at 54–56, 63.) Trial commenced before a jury and the jury heard evidence of the conduct comprising the § 1030(a) violation. (*See* Doc. 6-3.) The Vermont Supreme Court later summarized the evidence heard by the jury:

> In July 2012, defendant was served with an abuse prevention order. The order required defendant to remain 100 feet away from the victim and her residence; it also prohibited defendant from contacting the victim "in any way," including "indirectly . . . through a third party or in any other manner." Defendant was subsequently charged with violating the order by being within 100 feet of the victim's residence on or about September 1, 2012, and for having third-party contact with the victim on or about September 9, 2012. At trial, two witnesses testified, as described in more detail below, that defendant was near the victim's residence on September 1, 2012. Another witness testified that, on September 9, 2012, defendant asked her to tell the victim to call him.

*State v. Castegnaro*, Nos. 2013–378, 2013–379, 2014 WL 3714918, at *1 (2014) (alteration in original).

In his direct appeal, Castegnaro asserted that the State failed to present evidence with respect to *when* the offense conduct occurred. *Id.* In this context, the Vermont Supreme Court described the evidence as follows:

> In fact, sufficient evidence supports the State's specific charge that the first offense occurred on or about September 1, 2012. A police officer testified that the victim contacted police on September 1, 2012 and that he spoke that day to the victim and a neighbor who observed the offense. The victim's neighbor testified that she saw defendant in the victim's driveway

3

> on September 1, within approximately 15 feet of victim's home. She testified that she was aware of the abuse prevention order at that time. Another neighbor testified that he saw defendant outside the victim's home that day, knocking on the victim's door. He reconstructed the date of this incident several days later when he mentioned it to the victim. He recalled that he had seen defendant knocking on the victim's door the same day he got his food stamps—namely, September 1. This evidence is sufficient to establish that, on or around September 1, 2012, defendant came within 100 feet of the victim's residence.
>
> As to the second charge, another of the victim's neighbors testified that on September 9, 2012, she ran into defendant on her way to church. Defendant asked her to tell the victim that he wanted the victim to call him because he was lonely. The neighbor later relayed this information to the victim. The record thus supports defendant's conviction on the charge that he contacted the victim through a third party on or about September 9.

*Id.* at *2.

After deliberations, the jury returned a guilty verdict as to both counts. (Doc. 6-4 at 58–62.) The jury was then discharged, and a trial by court commenced on the sentencing enhancements set forth in § 1030(b) before Vermont Superior Judge Cortland Corsones. (*Id.* at 63.) Before proceeding with the trial by court, however, Judge Corsones engaged in the full waiver colloquy with Castegnaro to ensure that he understood his right to a trial by jury on the enhancements. (*Id.* at 54–57.) Castegnaro assured the court that he understood his right to a trial by jury and waived that right for the second phase of the trial. (*Id.* at 56.) That second phase of the trial proceeded accordingly. (*Id.* at 63.)

That second phase of the trial consisted of the State offering for admission certified copies of Castegnaro's prior convictions together with evidence that it was Castegnaro who in fact sustained those convictions. (*Id.* at 63–70.) The evidence

4

included a certified copy of Castegnaro's prior conviction for aggravated domestic assault in the second degree. (*Id.* at 69.) Based on his prior conviction for aggravated domestic assault, Judge Corsones found Castegnaro guilty of the sentencing enhancements found in § 1030(b) beyond a reasonable doubt. (*Id.* at 70.) Castegnaro was later sentenced to the two concurrent 8–9 year terms. (Doc. 6-1 at 6; Doc. 6-2 at 5.)

## II.     Direct Appeal to the Vermont Supreme Court

As noted above, Castegnaro pursued a direct appeal to the Vermont Supreme Court. He was represented by Attorney Allison Fulcher. (Doc. 6-5 at 1.) In that appeal, Castegnaro asserted that the trial judge erred in not granting a motion for acquittal for insufficient evidence. (*See Id.* at 4–10.) *See Castegnaro*, 2014 WL 3714918, at *1–2. More precisely, Castegnaro asserted that the State failed to prove when the offense conducted occurred, suggesting that there was "uncertainty" in the evidence. *Id.* at *1. The court noted that Castegnaro "[did] not identify the specific 'uncertainty' to which he refers." *Id.* After reciting the trial evidence as stated above, the court concluded that there was sufficient evidence to support each conviction and Castegnaro's convictions were affirmed. *Id.* at *2.

## III.    The § 2254 Petition

In his Petition for Habeas Corpus, Castegnaro renews his argument that the convictions were not supported by sufficient evidence. (Doc. 1 at 5.) Castegnaro asserts that "[t]he evidence was insufficient to establish that Joseph P. Castegnaro was guilty of violating an abuse prevention order." (*Id.*) The Petition is devoid of any other factual basis for his assertion.

## Discussion

### I. Overview of the Antiterrorism and Effective Death Penalty Act

A district court is empowered to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain habeas relief, a petitioner in custody pursuant to a state court judgment typically must present a claim that meets three requirements: (1) the claim must be exhausted; (2) the claim cannot be procedurally barred; and (3) the claim must satisfy the deferential standard of review set forth by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See* 28 U.S.C. § 2254. The State does not claim that Castegnaro has failed to exhaust his claim or that it is otherwise procedurally barred. (*See* Doc. 7.) Accordingly, I proceed to address the AEDPA's deferential standard of review in the context of this case.

### II. AEDPA's Standard of Review

Under 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the Second Circuit has observed, the Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A decision involves "an unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413. This standard does not require that reasonable jurists all agree that the state court was wrong. *Id.* at 409–10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" *Jones*, 229 F.3d at 119 (quoting *Francis S. v. Stone*, 221 F.3d 100, 109 (2d Cir. 2000)).

Section 2254(d)(1)'s deferential standard of review is a test that is "difficult to meet." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411).

Furthermore, a state court's determinations of factual issues are "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Lynn v. Bliden*, 443 F.3d 238, 246 (2d Cir. 2006). A state court's findings of fact will be upheld "'unless objectively unreasonable in light of the evidence presented in the state court proceeding.'" *Lynn*, 443 F.3d at 246–47 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). A federal court may overrule a state court's judgment only if "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

### III. Sufficiency of the Evidence

When a petitioner challenges the legal sufficiency of his conviction, he "face[s] a high bar in federal habeas proceedings" because there are "two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012). First, on direct appeal, the court must defer to the jury's conclusions drawn from the evidence at trial: "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Id.* (quoting *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam)). Second, on habeas review, a federal court cannot overturn a state court's decision to reject a sufficiency-of-the-evidence challenge unless that decision was "objectively unreasonable." *Id.* (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). The conviction must be upheld if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

8

443 U.S. 307, 319 (1979).  On review, the court must draw all inferences in the prosecution's favor.  *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000).  "[P]etitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence."  *Id.*

Of course, the description of all of these controlling legal standards is but an academic exercise here because Castegnaro makes no effort whatsoever to satisfy these exacting standards.  In fact, Castegnaro fails to allege *any* facts in support of his Petition.  Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c).  This failure is fatal to Castegnaro's claim.  "It is well[]settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief."  *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013).

## Conclusion

Based on the foregoing, I recommend that Respondent's Motion to Dismiss (Doc. 7) be GRANTED, and that Castegnaro's Petition for the issuance of a writ of habeas corpus (Doc. 1) be DENIED.  Because Castegnaro has failed to make a substantial preliminary showing of a denial of a constitutional right, I further recommend that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) should not issue.

Dated at Burlington, in the District of Vermont, this 7th day of June, 2016.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).