U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUL 18 PM 4: 16

CLERK
BY  LAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOSEPH P. CASTEGNARO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-270 |
| ) | |
| STATE OF VERMONT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 7 & 8)

This matter came before the court for a review of the Magistrate Judge's June 7, 2016 Report and Recommendation ("R & R") (Doc. 8). On December 30, 2015, Petitioner Joseph P. Castegnaro filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner contends that "[t]he evidence was insufficient to establish that [he] was guilty of violating an abuse prevention order." (Doc. 1 at 5.) In response to the petition, the State of Vermont (the "State") filed a motion to dismiss (Doc. 7), which Petitioner did not oppose. In his R & R, the Magistrate Judge recommends granting the State's motion to dismiss. No party has filed an objection to the R & R, and the deadline for doing so has passed.

On May 13, 2013, Petitioner, who was represented by counsel at the time, was convicted of two counts of violating an abuse prevention order, second or subsequent offense, in violation of 13 V.S.A. § 1030(a), (b). Petitioner was sentenced to two concurrent terms of eight to nine years of imprisonment, which he is currently serving in the custody of the Vermont Department of Corrections.

In its entry order on Petitioner's direct appeal, the Vermont Supreme Court summarized the State's evidence against Petitioner as follows:

> In July 2012, [Petitioner] was served with an abuse prevention order. The order required [Petitioner] to remain 100 feet away from the victim and her residence; it also prohibited [Petitioner] from contacting the victim "in any way," including "indirectly . . . through a third party or in any other manner." [Petitioner] was subsequently charged with violating the order by being within 100 feet of the victim's residence on or about September 1, 2012, and for having third-party contact with the victim on or about September 9, 2012. At trial, two witnesses testified[] . . . that [Petitioner] was near the victim's residence on September 1, 2012. Another witness testified that, on September 9, 2012, [Petitioner] asked her to tell the victim to call him.

*State v. Castegnaro*, 2014 WL 3714918, at *1 (Vt. July Term, 2014).

With respect to Petitioner's argument that the State failed to introduce sufficient evidence of when the alleged acts occurred, the Vermont Supreme Court noted, and Petitioner acknowledged, that "the actual date that the alleged acts occurred is not an element of the crimes." *Id.* The court recounted that:

> [a] police officer testified that the victim contacted police on September 1, 2012 and that he spoke that day to the victim and a neighbor who observed the offense. The victim's neighbor testified that she saw [Petitioner] in the victim's driveway on September 1, within approximately 15 feet of victim's home. She testified that she was aware of the abuse prevention order at that time. Another neighbor testified that he saw [Petitioner] outside the victim's home that day, knocking on the victim's door. He reconstructed the date of this incident several days later when he mentioned it to the victim. He recalled that he had seen [Petitioner] knocking on the victim's door the same day he got his food stamps—namely, September 1.
>
> [A]nother of the victim's neighbors testified that on September 9, 2012, she ran into [Petitioner] on her way to church. [Petitioner] asked her to tell the victim that he wanted the victim to call him because he was lonely. The neighbor later relayed this information to the victim.

*Id.* at *2. Based on this testimony, the court concluded that the State had presented sufficient evidence as to the timing of the alleged acts.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings

2

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his ten page R & R, the Magistrate Judge carefully reviewed the factual record and motion before the court and determined the State's motion to dismiss should be granted. The Magistrate Judge observed that Petitioner made no effort to explain the factual basis for his petition and therefore failed to satisfy the exacting legal standard employed by federal courts when a petitioner challenges the sufficiency of the evidence supporting his conviction. *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam) (recognizing petitioners "face a high bar in federal habeas proceedings" because "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury" and "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'") (internal quotation marks omitted). The court agrees with the Magistrate Judge's recommendations and finds them well-reasoned. The court therefore adopts the R & R in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 8) as the court's Opinion and Order. The State's motion to dismiss (Doc. 7) is GRANTED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of July, 2016.

Christina Reiss, Chief Judge
United States District Court